**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CUMMINS-ALLISON CORP., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 9:07-CV-196 |
| v. | § § | (consolidated) |
| SBM CO., LTD., ET AL. | § § § | JUDGE RON CLARK |
| *Defendant*. | § § | |

## ORDER Re: DEFENDANTS' INVALIDITY CONTENTIONS

Plaintiff Cummins-Allison Corp. seeks to limit Defendants SBM Co., Ltd, (formerly known as Shinwoo Information & Telecommunications Co. Ltd.) and Amro-Asian Trade, Inc.'s invalidity position at trial for an alleged failure to fully state their Invalidity Contentions. [Doc. #82]. Defendants respond by requesting leave to amend their Invalidity Contentions. [Doc. #89]. The court finds that Defendants lack "good cause" and denies their motion to amend their invalidity contentions. However, Defendants did sufficiently disclose two contentions: (1) The JetScan 4062 anticipates Claims 41 and 55 of the '354 Patent; and (2) the JetScan 4061 Operating Instructions in combination with other pieces of prior art, supports invalidity of Claim 15 of the '503 Patent. Defendants may assert these contentions at trial.

### I. BACKGROUND

| | |
|---|---|
| <u>August 27, 2007</u> | Plaintiff Cummins-Allison Corp. filed suit against Defendants SBM Co., Ltd (formerly known as Shinwoo Information & Telecommunications Co., Ltd.) and Amro-Asian Trade, Inc. alleging infringement of United States Patent No. 6,459,806 ("the |

1

|  |  |
|---|---|
|  | ´806 patent"). Plaintiff later added general allegations that Defendants infringe unspecified claims from United States Patent Nos. 6,381,354 ("the '354 Patent); 5,966,456 ("the '456 Patent"), and 5,909,503 ("the '503 patent"). |
| <u>January 15, 2008</u> | Defendant Amro filed an application to reexamine the '456 Patent with the United States Patent Office ("PTO"). |
| <u>March 24, 2008</u> | Plaintiff served its Infringement Contentions |
| <u>April 14, 2008</u> | Defendants served their Invalidity Contentions. |
| <u>June 10, 2008</u> | Plaintiff served its Supplemental Infringement Contentions. |
| <u>July 8, 2008</u> | Defendant Amro filed an application to reexamine the '354 Patent with the United States Patent Office ("PTO"). |
| <u>January 31, 2009</u> | Discovery closed |

## II. APPLICABLE LAW

Local Patent Rule 3-6(b) provides that a party may amend its Invalidity Contentions by order of the court upon a showing of good cause. The purpose of the Local Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860, *3 (N.D. Cal. June 16, 2004); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 849 (E.D. Tex. 2004).

A party cannot argue that because of its own inability and delay in understanding the divulged prior art, it possesses good cause to prepare new invalidity contentions. Accepting such an argument would encourage parties to engage in delay tactics under the guise of the inability to understand prior art and only seek expert advice late in the discovery process. One of the goals

2

of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation process and make it less expensive. *See Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006). A party simply cannot wait until shortly before trial to prepare its case. *Id.* Moreover, the right to amend is subject to the court's duty to avoid unfairly prejudicing Plaintiff "through eleventh-hour alterations." *IXYS Corp.*, 2004 WL 1368860, at *1.

A court has the inherent power to enforce its scheduling orders and to impose sanctions. Fed. R. Civ. P. 16(f). However, interpretation and enforcement of discovery provisions of the Local Patent Rules should not conflict with, and should harmonize with, the discovery provisions of the Federal Rules of Civil Procedure. *See O2 Micro Intern. Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Deciding whether late filed invalidity contentions should be excluded is slightly different from deciding whether evidence should be excluded for discovery violations. It is also akin to deciding whether the pleading deadlines of a scheduling order should be extended. Therefore, the court will consider the kinds of factors identified as important in making both types of decisions. *See id* at 1366; *Finisar*, 424 F. Supp. 2d at 899. A non-exclusive list of factors considered by courts includes:

    a.    The danger of unfair prejudice to the non-movant;

    b.    The length of the delay and its potential impact on judicial proceedings;

    c.    The reason for the delay, including whether it was within the reasonable control of the movant;

    d.    The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and

e. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*See, e.g., Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (listing factors to consider for exclusion of evidence); *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (rule 37(c)(1) mandates that a trial court punish a party for failure to make disclosures under Rule 26, unless the violation was harmless or is substantially justified); *S & W Enters., L.L.C. v. Southtrust Bank of Alabama, N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (party seeking leave to amend a court's scheduling order must show "good cause," i.e., that the deadlines cannot reasonably be met despite the diligence of the party seeking the extension.); *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (listing factors in determining excusable neglect).

## III. ANALYSIS

Plaintiff moved to prevent Defendants from arguing certain invalidity contentions that were not disclosed in Defendants' Invalidity Contentions. In Defendants' Response and Cross-Motion to Amend Invalidity Contentions, Defendants state that they do not assert a number of contentions to which Plaintiff objected and seeks relief. Based upon Defendants' representation, Plaintiff withdrew its motion to the follow contentions [Doc. #91 at 5]:

The '806 Patent:
1. The DLR 3000 User Guide and DLR 3000 Brochure anticipates Claims 78, 81, 85, and 120;

2. The CF-401 Reference anticipates Claims 51, 58, 78, and 81;

3. The DLR 3000 User Guide anticipates Claims 78, 81, 85, and 129;

The '354 Patent:

4

1. The CF-420 Operator's Manual and the DLR 3000 User Guide render obvious Claim 68;

2. The CF-420 Operator's Manual and the Takesako Patent render obvious Claim 68;

3. The DLR 3100 and the Takesako Patent render obvious Claims 41 and 55;

4. Claims 41, 55, and 68 are invalid as indefinite;

The '503 Patent:
1. The DLR 3700 Manual anticipates Claim 15;

2. The DLR Manual, the DLR 3700 Used Banknote Sorting Manual, and the DLR 3700 Range of Banknote Sorters Operators Manual render obvious Claim 15;

3. Claim 15 is invalid as indefinite;

As to the '456 Patent:
1. The CF-420 Operator's Manual anticipates Claims 27, 42, and 43; and

2. United States Patent No. 4,114,804; 4,228,781; or 4,707,843 will be used to support invalidity.

The court considers the remaining invalidity contentions that Plaintiff seeks to prevent Defendants from asserting at trial and Defendants seek to add to their Invalidity Contentions.

A. The '806 Patent

*1. The CF-400, CF-401, and DLR 3000 User Guide (All asserted claims)*

Plaintiff seeks to exclude the combination of the CF-400, CF-401, and De La Rue ("DLR") 3000 User Guide from being asserted against the '806 Patent because Defendants did not disclose any combination which included the DLR 3000 User Guide in their Invalidity Contentions. Defendants cite two reasons why they should be allowed to amend their Invalidity Contention

First, Defendants state that the combination was "clearly suggested" in Defendants' Invalidity Contentions. Doc. #89 at 6. Defendants' Invalidity Contentions contain the combination of the CF-400 and CF-401 with a declaration by their expert that discusses "advances in microprocessor technology to show that the speed limitations in the asserted claims of the '806 patent were obvious additions to the prior art CF-400 and CF-401 machines." *Id.* at 6-7. To show obviousness of the same speed limitation, which occurs in the '456 Patent, another patent-in-suit, Defendants asserted the DLR 3000 User Guide. Defendants contend that Plaintiff would suffer no prejudice because Defendants' Invalidity Contentions placed Plaintiff on notice that the DLR 3000 User Guide would be used to show the speed limitation was met in the '806 Patent.

Second, Defendants contend that the disclosure of the CF-400, CF-401 and DLR 3000 User Guide combination in a February 7, 2008 application to reexamine placed Plaintiff on notice of the prior art combination and therefore Plaintiff will not be prejudiced by its assertion at trial.

While Plaintiff has undoubtedly engaged in tactical games in an attempt to gain an advantage by asserting more than 200 claims, having only pared them down to 116 claims at the time Defendants served their Invalidity Contentions, Defendants cannot be excused for neglecting to file complete Invalidity Contentions.

The purpose of the Patent Local Rule 3-3 is to place the Plaintiff on notice of potentially invalidating art that Defendants will assert in their case and at trial. Mere "suggestion" does not suffice. Defendants are required to submit Invalidity Charts to provide notice of how each claim element is met. Failure to provide the specific reference that allegedly reads on a claim

limitation of the '806 Patent does not place Plaintiff on sufficient notice. Nor does the filing of an application for reexamination with the United States Patent Office. *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (i.e., that a 'substantial new question of patentability' has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity.").

Defendants were previously aware of the CF-400, CF-401 and DLR User Guide combination as they filed the application to reexamine on February 7, 2008, more than two months prior to serving their Invalidity Contentions on April 14, 2008. Defendants offer no explanation for failing to timely disclose the combination in the Invalidity Contentions if they wished to assert it at trial. Defendants also made no showing that the combination of references is vitally important. The necessity of this combination as potentially invalidating is reduced because the exact combination will be considered by the PTO. Defendants' choice to exclude the DLR 3000 user Guide reference when it was known months prior to the service of the Invalidity Contentions and was included in an application for reexamination further suggests that it was not vital to Defendants invalidity defense. If Defendants were allowed to amend and add the CF-400, CF-401 and DLR User Guide combination, Plaintiff would suffer prejudice as it would be forced to prepare for additional invalidity defense which at a minimum requires that it submit a supplemental expert report. The factors weigh towards preventing Defendants from asserting the CF-400, CF-401, and DLR 3000 User Guide combination as allegedly invalidating the asserted claims of the '806 Patent at trial. Defendants may not amend their Invalidity Conventions to include this combination

*2. The CF-420*

Defendants seek to assert the CF-420 against the '806 Patent although Defendants did not include the CF-420 reference in their Invalidity Contentions. The only reasons Defendants cite in include the reference are (1) that Plaintiffs produced the operating manual for the CF-420, but did not produce one for either the CF-400 or CF-401, and (2) Plaintiff acknowledged the pre-critical date of sales for the CF-420.

Simply because Defendants later learned that they made a mistake in not asserting a potentially invalidating piece of prior art because Plaintiff made a helpful admission is not sufficient "good cause" for leave to amend. Defendants fail to show that they could not have timely asserted the CF-420 in their Invalidity Contentions. Further, the court fails to see how the disclosure of the operating manual is significant to the assertion of the CF-420 machine as alleged prior art supporting invalidity of the '806 Patent. Defendants do not seek to use the operating manual itself as prior art. The manual's only use seems to be as an aid in understanding the CF-420 in greater detail. If the CF-400 and CF-401 are so similar to the CF-420, then the manual for the CF-420 should also aid in the comprehension of how those machines work. Defendants have not shown "good cause" and cannot amend their Invalidity Contentions or assert the CF-420 against the '806 Patent at trial.

B. The '354 Patent

*1. The JetScan 4062 (Claims 41 and 55)*

Defendants assert that Plaintiff, in its Infringement Contentions, admitted that the JetScan 4062 embodies Claims 41 and 55 of the '354 Patent. Doc. #84 Ex. S at 3 ("All the other asserted claims [including Claims 41 and 55 of the '354 Patent] are practiced by [Plaintiff] Cummins'

'JetScan' Models 4062. . ."). Plaintiffs do not contest the validity of the admission and only argue that no basis exists to assert the reference as invalidating prior art because it was only "suggested" in Defendants' Invalidity Contentions and was not included in a claim chart. Doc. #89 at 6 (citing § III.C.1 which is the JetScan 4062 reference asserted as anticipating Claims 41 and 55 of the '354 Patent).

Defendants' statements in their Invalidity Contentions are more than "suggestions." Defendants asserted that Plaintiffs admit that a number of claims, including Claims 41 and 55 of the '354 Patent are "practiced by the Jetscan [*sic*] 4062." Doc. #89, Ex. 3 at 4. Defendants specifically assert that "Claims 1, 2, 35, 41, 47, 54, 55, 61 and 62 are unpatentable under 35 USC §§102 and/or 103 . . . by the JetScan 4062." *Id.* at 5.

Defendants clearly set out their defense. Any skilled patent attorney would understand that invalidity based on one's own product involves the "on-sale bar" of 35 U.S.C. § 102(b). Plaintiff admitted that the JetScan 4062 practices Claims 41 and 55. It is of no consequence whether Defendants provided a claim chart at that time, or any other time; nor even if Defendants understand how each element is satisfied. P.R. 3-3(c) functions to give a party notice. The court will not use it as a purely procedural bar when Plaintiff was placed on notice that its own product would be used to challenge the validity of two asserted claims. Given Plaintiff's admission, the only open questions are the priority date of the patent and the date the JetScan 4062 was first "on-sale."

Defendants may rely on the their assertion that the JetScan 4062 anticipats Claims 41 and 55 of the '354 Patent. Defendants need not amend their Invalidity Contentions.[1]

*2. The Dobbins Patent (Claims 41, 55 and 68)*

Plaintiff seeks to prevent Defendants from arguing that U.S. Patent No. 4,628,194 ("the Dobbins Patent") anticipates Claims 41, 55 and 68 of the '354 Patent because the Dobbins Patent was not disclosed in Defendants' Invalidity Contentions. Defendants state that the Dobbins patent was first discovered while preparing an application to reexamine the '354 patent served on July 8, 2008. Doc. #89 at 7. Defendants knew about the Dobbins Patent for more than 6 months without requesting leave to amend their Invalidity Contentions.

Defendants offer no reason for failing to move to amend earlier. Rather, they seek to divert the court's attention by contending that Plaintiff would not suffer prejudice because Plaintiff cited the Dobbins patent during prosecution of the '354 Patent. Plaintiff is entitled to rely on Defendants' Invalidity Contentions and would suffer prejudice if Defendants were allowed to assert that the Dobbins Patent anticipates Claims 41, 55 and 68 of the '354 Patent.

Further, the assertion of the Dobbins Patent is also not extremely important. The Dobbins Patent was listed as prior art on the application for the '354 Patent. There is little reason to believe that Defendants could craft a winning invalidity defense based on prior art already considered by the PTO. *See AlSite Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999). The factors weigh against allowing Defendants to amend their Invalidity Contentions. They will

---

[1] Should Defendants seek to assert an invalidity defense that relies on more than the admission made by Plaintiff, such as using the JetScan 4062 to support obviousness under 35 U.S.C. § 103, Defendants would need to move for leave to amend their Invalidity Contentions. At such a late date, Plaintiff would likely be prejudiced if this occurred.

be precluded from arguing that the Dobbins Patent anticipates Claims 41, 55 and 68 of the '354 Patent at trial.

*3. The CF-420 Operator's Manual and the Emery Patent (Claim 68)*

Plaintiffs seek to exclude the CF-420 Operator's Manual in combination with the U.S. Patent No. 4,542,829 ("the Emery Patent") as supporting obviousness of Claim 68 of the '354 Patent because Defendants did not assert the combination in their Invalidity Contentions or even disclose the Emery Patent as potentially invalidating the '354 Patent. Defendants only argue that Plaintiffs were placed on notice when they filed an application to reexamine on July 8, 2008. As discussed above, this does not provide sufficient notice in this case. Defendants offer no explanation for the more than 6 month delay in requesting leave to amend. Plaintiff would suffer prejudice if forced to respond to this new combination of prior art at such a late date. Defendants cannot amend their Invalidity Contentions to allege that Claim 68 is obvious in light of the CF-400 Operator's Manual and the Emery Patent and will be precluded from arguing it at trial.

*4. The JetScan 4061 and the Dobbins Patent*

Defendants seek leave to assert the JetScan 4061 in combination with the Dobbins Patent to support the obviousness of Claim 68 of the '354 Patent. Defendants rely on the fact that they disclosed the Dobbins Patent in an application to reexamine served on July 8, 2008. As discussed above, this is insufficient notice and does not provide "good cause" to amend the Invalidity Contentions. Defendants may not assert this combination at trial against Claim 68 of the '354 Patent at trial.

C. The '503 Patent

    *1. The Lacey Patent and the DLR 3110 Technical Manual (Claim 15)*

Plaintiff seeks to exclude the combination of U.S. Patent No. 4,875,589 ("the Lacey Patent") and the DLR 3110 Technical Manual to support the obviousness of Claim 15 of the '503 Patent. Again, Defendants seek to rely upon their disclosures in an application to reexamine. Defendants served the application on Plaintiff on January 16, 2008, but did not assert the Lacey Patent and DLR 3110 Technical Manual combination in their Invalidity Contentions. Plaintiff would be prejudiced by the late assertion of this combination. The court does not find "good cause" to allow Defendants to assert this combination against Claim 15 of the '503 Patent at trial or amend their Invalidity Contentions to include the combination.

    *2. The JetScan 4061 Operating Instructions (Claim 15)*

Plaintiffs seek to exclude the use of the JetScan 4061 Operating Instructions to support the invalidity of Claim 15 of the '503 Patent. Defendants provide a detailed chart in their Invalidity Contentions using the JetScan 4061 Operating Instructions in combination with other pieces of prior art to allege an obviousness defense. Doc. #89, Ex. 3 at 54-57. This complies with the Patent Local Rules and Defendants are entitled to assert the combination disclosed in their Invalidity Contentions at trial without need to amend.

D. The '456 Patent

    *1. The CF-420 Operator's Manual, the Barnes Patent, and the DLR 3000 User Guide (Claims 37 and 39)*

Plaintiffs seek to prevent Defendant from alleging that the combination of the CF-420 operator's Manual, U.S. Patent No. 5,358,088 ("the Barnes Patent") and the DLR 3000 User

Guide support the obviousness of Claim 37 and 39 of the '456 Patent. Doc. # 82 at 6-7. Defendants admit that "the precise combination of all three references was not applied in Defendants' Invalidity Contentions with respect to claims 37 and 39. . . ." Doc. #89 at 11. Defendants contend that because they had applied (1) the combination of the DLR 3000 User Guide and the Barnes Patent and (2) the combination of the CF-420 Operator's Manual and the Barnes Patent to other claims "in the same manner," they should be allowed to assert the combination of the CF-420 Operator's Manual, the Barnes Patent, and the DLR 3000 User Guide against Claims 37 and 39 of the '456 Patent at trial. *Id.* Defendants offer no reason for failing to timely assert the three-reference combination against Claims 37 and 39 of the '456 Patent.

Alleging two of three pieces of prior art against other asserted claims "in the same manner" as Defendants wish to assert against Claims 37 and 39 of the '456 Patent does not provide notice and does not show "good cause" to now assert all three pieces of alleged prior art in combination. Defendants may not assert this combination at trial and may not amend their Invalidity Contentions to add this combination.

*2. The CF-420 Operator's Manual, the Barnes Patent, and the Takesako Patent (Claims 25, 27, 42 and 43)*

Defendants did not previously assert this combination of prior art and again rely on the argument that because they included it in an application to reexamine on June 27, 2008, Defendants should be allowed to assert the combination at trial. This does not provide "good cause" as discussed above. Defendants may not assert this prior art combination at trial may not amend their Invalidity Contentions to include this combination.

13

*3. The CF-420 and the Barnes Patent*

Defendants seek leave to amend their Invalidity Contentions to assert the CF-420 in combination with the Barnes Patent because they asserted "very similar prior art combinations." Doc. #89 at 14. As discussed above, this does not place Plaintiff on notice or provide "good cause" and Defendants may not amend their Invalidity Contentions to include this combination or assert it at trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Limit Defendants' Invalidity Position [Doc. #82] is **GRANTED IN PART**. At trial, Defendants SBM Co, Ltd. and Amro-Asian Trade, Inc. may (1) argue that the JetScan 4062 anticipates Claims 41 and 55 of the '354 Patent; and (2) use the JetScan 4061 Operating Instructions to support the invalidity of Claim 15 of the '503 Patent.

IT IS FURTHER ORDERED that, at trial, Defendants SBM Co, Ltd. and Amro-Asian Trade, Inc. may not (1) use the combination of the CF-400, CF-401, and DLR 3000 User Guide to support obviousness of any asserted claim of the '806 Patent; (2) assert at trial that the CF-420 anticipates any asserted claim of the '806 Patent;

(3) assert at trial that U.S. Patent No. 4,628,194 anticipates Claims 41, 55 and 68 of the '354 Patent; (4) use the CF-420 Operator's Manual and U.S. Patent No. 4,542,829 to support obviousness of Claim 68 of the '354 Patent; (5) use the JetScan 4061 and U.S. Patent No. 4,628,194 to support obviousness of any asserted claim of the '354 Patent;

(6) use the U.S. Patent No. 4,875,589 and the DLR 3110 Technical Manual to support obviousness of Claim 15 of the '503 Patent;

(7) use the combination of CF-420 Operator's Manual, U.S. Patent No. 5,358,088, and the DLR 3000 User Guide to support the obviousness of Claims 37 and 39 of the '456 Patent; (8) use the combination of CF-420 Operator's Manual, U.S. Patent No. 5,358,088, and U.S. Patent No. 4,694,963 to support the obviousness of Claims 25, 27, 42 and 43 of the '856 Patent; or (9) use the combination of the CF-420 and U.S. Patent No. 5,358,088 to support obviousness of any asserted claim of the '456 Patent.

IT IS FURTHER ORDERED that Defendants' Motion to Amend their Invalidity Contentions [Doc. #89] is **DENIED**.

So **ORDERED** and **SIGNED** this **19** day of **March, 2009.**

_____
Ron Clark, United States District Judge