**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CUMMINS-ALLISON CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 9:07-CV-196 |
| v. | § | (consolidated) |
| | § | |
| SBM CO., LTD., ET AL. | § | |
| | § | JUDGE RON CLARK |
| Defendant. | § | |
| | § | |

# ORDER DENYING PLAINTIFF'S MOTION TO LIMIT DEFENDANTS' NON-INFRINGEMENT POSITION

Plaintiff Cummins-Allison Corp. seeks to limit Defendants SBM Co., Ltd, (formerly known as Shinwoo Information & Telecommunications Co. Ltd.) and Amro-Asian Trade, Inc.'s non-infringement position at trial for an alleged failure to fully state their position in their interrogatory responses. [Doc. #81]. Defendants complied with the Federal Rules of Civil Procedure in supplementing their interrogatory responses, so the court finds no basis to limit their non-infringement position.

## I. Background

| | |
|---|---|
| August 27, 2007 | Plaintiff Cummins-Allison Corp. filed suit against Defendants SBM Co., Ltd and Amro-Asian Trade, Inc. alleging infringement of United States Patent No. 6,459,806 ("the ´806 patent"). Plaintiff later added general allegations that Defendants infringe unspecified claims from United States Patent Nos. 6,381,354 ("the '354 Patent); 5,966,456 ("the '456 Patent"), and 5,909,503 ("the '503 patent"). |
| March 17, 2008 | At the Case Management Conference, Plaintiff indicated that it would reduce the nearly 300 asserted claims from the four patents-in-suit to "a handful of claims." Doc. #88, Ex. 2 at p. 35, l. 21-23. |

1

| | |
|---|---|
| March 24, 2008 | Plaintiff served its Infringement Contentions |
| July 28, 2008 | The court entered an order adopting the parties' joint claim constructions for all asserted claims. [Doc. #66] |
| October 15, 2008 | Defendants timely answered Plaintiff's First Set of Interrogatories. Doc, #88, Ex. 3. In their answers to interrogatories seeking detailed non-infringement contentions, Defendants specifically objected due to the excessive number of asserted claims (116 at the time). *Id.* at p. 5 and 19. |
| November 16, 2008 | Plaintiff reduced the asserted claims from 116 to 20, and noted that it would further reduce the asserted claims to "no more than12" before trial. |
| December 3, 2008 | Plaintiff served five expert reports on the issue of infringement. |
| December 22, 2008 | Defendants served two rebuttal expert reports on the issue of non-infringement. Doc. #88, Exs. 4 and 5. |
| December 23, 2008 | Defendants served supplemental answers to Plaintiff's interrogatories, including Defendants' more detailed non-infringement contentions as discussed in the expert reports. Doc. #88, Ex. 9 at p. 7-17. |

**II. Analysis**

Plaintiff asserts that because Defendants failed to fully disclose their non-infringement position in their initial interrogatory answers, they should be prevented from relying on any contentions at trial that were not disclosed in the initial interrogatory answers. Doc. #81 at 3. Defendants timely served answers to Plaintiff's interrogatories in which Defendants objected to the excessive number of asserted claims (116 at that time). Defendant subsequently served supplemented answers to Plaintiff's interrogatories which included more detailed non-infringement contentions as presented in their expert reports served the previous day.

The Federal Rules of Civil Procedure require a party to timely supplement its answers to interrogatories "if the party learns that in some material respect the disclosure or response is

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Defendants satisfied this requirement by serving their expert reports on non-infringement and supplemental responses the following day.

Although Plaintiff contends that Defendant tried to "keep it in the dark" regarding their non-infringement defense, it was Plaintiff that engaged in a game of "hide the ball" in an attempt to divert Defendant from the actual claims Plaintiff will assert at trial. Plaintiff seemingly hoped Defendants would inadequately respond to one of its many interrogatory requests, then take advantage by asserting one of the 116 claims impacted by the mistake. Now Plaintiff expresses surprise that Defendants did not clearly lay out their non-infringement position in their interrogatory responses without consulting experts.

Plaintiffs bear the burden to prove infringement. The purpose of interrogatories is not to require Defendants to divulge their crystallized non-infringement arguments upon which they will rely at trial. The deadline for Defendants' rebuttal expert reports on non-infringement serves this purpose. Defendants proceeded in a proper manner and supplemented their answers to interrogatories as required by the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff Cummins-Allison Corp.'s Motion to Limit Defendants' Non-Infringement Position [Doc. #81] is **DENIED**.

So **ORDERED** and **SIGNED** this **19** day of **March, 2009.**

_____
Ron Clark, United States District Judge